FILED
AT ALBUQUERQUE NM

IN THE UNITED STATES DISTRICT COURT

JUL 27 2001

FOR THE DISTRICT OF NEW MEXICO

ROBERT M. MARCH
CLERK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Civ. No. 00-292 LH\RLP
Cr. No. 96-104 LH

EMILIANO BARAJAS-DIAZ,

95-104

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

    1.    This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence and Conviction filed pursuant to 28 U.S.C. § 2255. Emiliano Barajas-Diaz ("Barajas")[2] is currently confined in the Federal Correctional Institution in Littleton, Colorado. He attacks the judgment and sentence of the United States District Court for the District of New Mexico entered in *United States v. Barrajas-Diaz*, Cr. No. 0104 LH, entered on October 17, 1997 [Cr. Doc. 303].

    2.    Count I of the Superseding Indictment [Cr. Doc. 100], Conspiracy, charged Barajas and nine other named individuals with agreeing to knowingly and intentionally

---

[1] Within ten (10) days after a party is served with a copy of the "Magistrate Judge's Proposed Findings and Recommended Disposition" (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

[2] Some of the criminal records (and the Tenth Circuit Court of Appeals opinion) spell the defendant's name "Barrajas." The § 2255 motion, the signature, and the return address label all read "Barajas." Therefore, this court will refer to the defendant as "Barajas" but will use "Barrajas" where used in other pleadings and opinions.



distribute and possess with intent to distribute "one kilogram and more, the exact quantity being unknown," various Schedule II controlled substances in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and § 846. Count II, Continuing Criminal Enterprise ("CCE"), charged Barajas and others with knowingly and intentionally violating §§ 841 and 846, "including but not limited to the violations alleged in Counts Three through Eight of this Indictment." Barajas was not named in Counts Three through Eight, which alleged that certain named individuals possessed controlled substances with the intent to distribute.

3. After a jury trial, Barajas was convicted on Count II (the CCE). The district court judge instructed the jury not to consider Count I (Conspiracy) if it found Barajas guilty under Count II. A CCE conviction carries a minimum sentence of 20 years. The presentence report calculated the amount of drugs involved in the CCE and raised the offense level from 38 to 42, and Barajas was sentenced to 360 months (30 years).

4. Barajas filed an appeal, see United States v. Barrajas, 172 F.3d 879 (10th Cir. 1999) (1999 WL 107016) (unpublished opinion). Barajas argued that Count II, the CCE, should have been dismissed "based on the government's failure to charge a series of violations of federal drug laws." 1999 WL 107016, **1. Counsel did not file a pretrial motion contesting Count II, but at the end of the government's case he did file a motion to dismiss based on insufficient evidence that Barajas was guilty of three additional felonies as required to establish a CCE. The government argued that Count I (conspiracy) constituted one felony[3] and that Counts IV (possession of five kilograms and more of

---

[3] Mr. Barajas testified at trial and admitted entering into a conspiracy. He denied being part of a CCE. 1990 WL 107016, **3.

cocaine), V (possession of one kilogram and more of methamphetamine), and VI (possession of 100 kilograms and more of marijuana) could supply at least two more predicate offenses, especially when accompanied by overt acts numbered 27 and 28 in Count I. Counts IV, V, and VI did not name Barajas; overt acts 27 and 28 did not name Barajas.[4] The Tenth Circuit affirmed Barajas' conviction and sentence.

5. Barajas filed his § 2255 Motion in this court on February 25, 2000. The Government filed its Answer [Doc. 7] and Barajas filed a Traverse [Doc. 8] and then a Motion for Leave to Amend ("Motion") [Doc. 9] on August 17, 2000. In his Motion, Barajas raised two issues: whether the United States Supreme Court's decisions in *Richardson v. United States*, 526 U.S. 813 (1999) and *Apprendi v. New Jersey*, 530 U.S. --, 120 S.Ct. 2348 (2000) apply to his case and, if so, whether those decisions should be applied retroactively on collateral review. Leave was granted to amend and counsel was appointed to represent Barajas.

6. In *Richardson*, the Court held that in federal criminal cases alleging a CCC under 21 U.S.C. § 848,

> a jury . . . must unanimously agree not only that the defendant committed some "continuing series of violations" but also that the defendant committed each of the individual "violations" necessary to make up that "continuing series."

*Id.* at 815.

---

[4] Barajas was named in eight of the overt acts: ¶¶ 5, 6, 11, 13, 31, 32, 34, and 35. In summary, these events were the obtaining of a fake I.D., the purchase of a truck with cash, the recruitment of others to transport drugs, the servicing of the truck, the receipt of cash to purchase vehicles and to rent homes for unidentified members of the CCE, the purchase of airline tickets, and traveling to Oklahoma City with unnamed individuals.

7. *Richardson* was decided on June 1, 1999, several months after the Tenth Circuit issued its opinion in *Barrajas*. Because the Court construed a federal statute, 21 U.S.C. § 848(a), its holding applies "retroactively."[5] *See Bousley v. United States*, 523 U.S. 614, 620 (1998); *United States v. Cestnik*, 246 F.3d 683, 2001 WL 201325, **1 (10thCir. 2001) (unpublished opinion). Because Mr. Barajas failed to raise his claim on direct appeal he has procedurally defaulted his claim unless he can show cause and prejudice for his failure, or that he is actually innocent. *Bousley*, 523 U.S. at 622; *Cestnik*, 2001 WL 201325, **2.[6]

8. The *Cestnik* court found that "the timing of the Supreme Court's decision in *Richardson* is not cause for the procedural default." *Id.* Moreover, the holding in *Richardson* was neither novel nor unavailable. *Id.* Futility cannot provide "cause." *Bousley*, 523 U.S. at 622 n.2. Nor can a claim that counsel was ineffective for not raising the issue. *Id.*; *see also United States v. Smith*, 241 F.3d 546, 548 (7th Cir. 2001) ("the lack of precedent for a position differs from 'cause' for failing to make a legal argument") (citing *Bousley*, 523 U.S. at 622-24).

9. Because Barajas cannot show cause for his failure to raise a *Richardson* argument on his direct appeal, *i.e.*, by requesting a unanimity instruction, his only recourse

---

[5] In *Bousley v. United States*, 523 U.S. 614 (1998), Justice Stevens noted that when the Court construes a substantive statute, "retroactivity" is a misnomer: the Court's construction does not change the law, it merely explains what the statute has meant since enactment. 523 U.S. at 625 (Stevens, J., concurring in part and dissenting in part).

[6] Mr. Barajas argues that a harmless error standard of review should be applied citing, *inter alia*, *United States v. Brown*, 202 F.3d 691 (4th Cir. 2000). *Brown*, and other cases cited by Mr. Barajas were cases on direct appeal, not collateral review; thus, the standard of review is different.

4

is to show that he is actually innocent of the charges.

> To establish actual innocence, [the defendant] must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.

Bousley, 523 U.S. at 623.

10. The defendant in Bousley was convicted of conduct that was later determined not have been criminal by the Court's interpretation of "use" of a firearm in 18 U.S.C. § 941(c)(1). See Bailey v. United States, 516 U.S. 137 (1995). Mr. Barajas was tried and convicted by a jury. The Tenth Circuit has determined the evidence was sufficient to convict him of three predicate acts for the CCE count. Even though the CCE instruction, Jury Instruction No. 8, does not require unanimity on the three predicate acts, the jury was instructed that its verdict must be unanimous, see Jury Instruction No. 23 [Doc. 248].[7] For all of the foregoing reasons, Mr. Barajas' Richardson claim fails.

11. Mr. Barajas next argues that Apprendi v. New Jersey should be retroactively applied to his case. In Apprendi, the Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at --;120 S.Ct. at 2363-64. Barajas argues that he should have been sentenced at level 38, which carries a 20-year minimum, instead of level 42, which is 360 months to life imprisonment. Barajas received the 360 month sentence. The Government argues Apprendi is not applicable because 360 months is less than the life sentence that could have been imposed.

---

[7] This court's record denotes the Jury Instructions as being docketed at 248, but there are no instructions in the file. The court obtained a copy of the jury instructions from appointed defense counsel.

5

12. In *United States v. Jones*, 235 F.3d 1231 (10th Cir. 2000), the court held that, in light of *Apprendi*, "the quantity of drugs involved in a violation of § 841 is an essential element of the offense if that fact exposes the defendant to a heightened maximum sentence under § 841(b)(1)(A) or (B)." 235 F.3d at 1236. Therefore, in order to increase a defendant's sentence for a conviction pursuant to § 841, drug quantities must be charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt. *See United States v. Heckard*, 238 F.3d 1222, 1234-35 (10th Cir. 2001).

13. In *United States v. Jackson*, 240 F.3d 1245 (10th Cir. 2001), *pet. for cert. filed May 25, 2001* (No. 00-10251), the court held that "after *Apprendi*, a trial court may not utilize §§ 841(b)(1)(A) and 841(b)(1)(B) for sentencing without the drug quantity being charged in the indictment." 240 F.3d at 1248. When drug quantity has not been charged, a defendant may be sentenced only under § 841(b)(1)(C), which sets forth the

> penalties for offenses involving [schedule I or II controlled substances] without reference to drug quantity, and limits the sentence to not more than twenty years for defendants who have not previously been convicted of a felony drug offense, and thirty years if the defendant has a prior felony drug conviction.

*Id.*

14. In Mr. Barajas' case, the drug quantities were not listed in the indictment, were not submitted to a jury, and were not proven beyond a reasonable doubt. Mr. Barajas' sentencing level was raised from 38 to 42 and this was his first felony drug offense. Thus, *Apprendi* would be applicable to his case if *Apprendi* is retroactive.

15. *Apprendi* differs from *Richardson*, at least in this circuit, in that the former case is deemed to be procedural, not substantive, in nature. The Tenth Circuit has directed that such claims are to be analyzed under *Teague v. Lane*, 489 U.S. 288 (1989). See *Browning v. United States*, 241 F.3d 1262, 1264 (10th Cir. 2001) ("a *Teague* analysis remains applicable to *initial* habeas applications raising new rules of constitutional law [sic] under § 2255 . . ." (emphasis by the court).

16. In *Teague*, the United States Supreme Court set forth two exceptions to the general rule that new constitutional rules of criminal procedure are inapplicable on collateral review:

> The first exception states that "a new rule should be applied retroactively if it places certain kinds of primary, private individual conduct beyond the power of the criminal-law making authority to proscribe." . . . The second exception allows for retroactive application of "watershed rules of criminal procedure," those that "require[ ] the observance of those procedures that are implicit in the concept of ordered liberty." . . . This exception is further restricted to "those new procedures without which the likelihood of an accurate conviction is seriously diminished."

*Daniels v. United States*, -- F.3d --, 2001 WL 709103, *8 (10th Cir. 2001) (quoting *Teague*, 489 U.S. at 310-313) (other internal citations and quotation marks omitted)(brackets by the court).

17. The *Daniels* court held that *Apprendi* did not fit the first exception, *id.*, and declined to decide whether *Apprendi* fits the second *Teague* exception.[8] *Id.* at *9. However, a majority of courts that have considered the issue have held that *Apprendi* does not apply retroactively to cases on initial collateral review. See *United States v. McCloud*,

---

[8] Both the *Browning* and *Daniels* cases concerned second or successive petitions, which raised issues not present in this case because this is Barajas' first petition.

7

2001 WL 173776, *2 (D. Kan. 2001) (collecting cases). *But see United States v. Hernandez*, 137 F.Supp.2d 919 (N.D. Ohio 2001); *Parise v. United States*, 135 F.Supp.2d 345 (D. Conn. 2001); *Darity v. United States*, 124 F.Supp.2d 355 (W.D.N.C. 2000). The primary reason given by the majority is that *Apprendi* involves sentencing and does not diminish the reliability of the conviction. See *McCloud*, 2001 WL 173776, *2. Until the Tenth Circuit rules on this issue, this court follows the majority and declines to apply *Apprendi* retroactively on collateral review.

18. Finally, Mr. Barajas argues that appellate counsel was ineffective for his failing to seek rehearing because the Tenth Circuit misapplied its own precedent in *United States v. Hall*, 843 F.2d 408 (1988) when it affirmed Mr. Barajas' conviction. I agree with the Government that *Hall* was not misapplied in Mr. Barajas appeal and that counsel cannot be held ineffective for not requesting a rehearing.

## RECOMMENDED DISPOSITION

I recommend that Mr. Barajas' Motion for Dismissal or to Order an Answer [Doc. 2]; Motion to Dismiss Indictment and Set Aside Sentence [Doc. 3]; and Petition for Trial Transcripts [Doc. 5] be denied. I recommend that the Motion to Vacate, Set Aside or Correct Sentence and Conviction, filed pursuant to 28 U.S.C. § 2255, be denied and this case dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge